# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ALEXANDER OCASIO,<br>  *Petitioner*,<br>vs.<br>E.K. MCDANIEL, *et al.*,<br>  *Respondents*. | 3:07-cv-00229-JCM-VPC<br><br>ORDER |

This habeas action under 28 U.S.C. § 2254 comes before the court following petitioner's failure to timely file an amended petition correcting the deficiencies outlined in the court's prior orders as well as upon petitioner's motion (#87) for relief from an order denying his motion to adjudicate an affidavit of prejudice.

The matter is postured for entry of final judgment. The prior procedural history and the deficiencies in the prior pleading are outlined in detail in the court's February 20, 2009, order (#80) and the October 3, 2007, screening order (#22). See #80, at 2-6; #22, at 2-3. The renewed deadline for mailing an amended petition to the clerk for filing expired on April 21, 2009. In an April 24, 2009, order (#86), the court noted that the deadline had passed. After allowing for possible mail and other delays, the court stated that if an amended petition complying with the court's prior orders was not received within twenty days of the order, a final judgment of dismissal would be entered. The additional twenty day period passed on May 14, 2009, and an amended petition has not been received.

1   The April 24, 2009, order took into account the prospect that petitioner might file further
2   papers seeking reconsideration or otherwise seeking to reurge his prior arguments:

> The court will not entertain any further motions seeking reconsideration of prior rulings and/or seeking to rehash petitioner's objections to the court's orders. If an amended petition that fully complies with the court's prior orders is not filed, the action will be dismissed notwithstanding the filing of additional papers seeking to further argue the petitioner's position.

#86, at 2, lines 13-17.  Petitioner's subsequent motion (#87) seeking reconsideration of the order denying his motion to adjudicate an affidavit of prejudice therefore does not require that entry of judgment be delayed or that the amended pleading deadline once again be reset.

The matter thus is postured for entry of final judgment.

In entering a dismissal, the court has considered the public's interest in expeditious resolution of litigation, the court's need to manage its docket, the risk of prejudice to the respondents, the public policy favoring disposition of cases on their merits, and the availability of less drastic sanctions.  The past two years and extensive suit record in this case abundantly demonstrate that petitioner does not intend to comply with the local rules and orders of the court and that he instead will seek to continue to serially relitigate the same previously-rejected arguments.  On initial review, it was clear that the petition, as amended, was not presented in a manner that complied with the court's local rules and that was suitable for service upon the respondents.  Petitioner's core argument – that he can challenge a conviction on a single count of battery with the use of a deadly weapon entered pursuant to a guilty plea only through the present 130-page pleading including a 114-page nearly stream-of-consciousness ground – is wholly without merit.  The public's interest in expeditious resolution of litigation, particularly challenges to state criminal judgments, and the court's need to manage its docket both counsel in favor of dismissal following upon the petitioner's refusal to comply with the court's orders.  Moreover, the state respondents have an interest comparable to the public in the expeditious resolution of habeas litigation, and that interest has been prejudiced as well.  While there is a public policy also favoring disposition of cases on their merits, petitioner's failure to comply with the court's orders and the serial relitigation

of rejected arguments makes the prospect of reaching a timely resolution on the merits highly unlikely. Finally, it does not appear that there are less drastic sanctions available that will move the action forward in compliance with the local rules and orders of the court, given petitioner's adamant refusal to comply with the court's orders.[1]

The action therefore will be dismissed due to petitioner's failure to comply with the local rules and orders of the court, after having had ample opportunity to do so.

Turning to the motion (#87) seeking reconsideration, the court twice has rejected petitioner's motions for adjudication of his affidavit of prejudice. #80; at 6; #86. Under Rule 7(b) of the Federal Rules of Civil Procedure, requests for relief must be made by motion, and other papers such as a stand-alone affidavit of prejudice present nothing for the court to adjudicate. Moreover, as was observed in the most recent order, the court has rejected the gist of the arguments asserted in the affidavit of prejudice, *i.e.,* petitioner's arguments seeking the recusal of the undersigned and seeking to challenge the screening order. See #86, at 2, lines 3-6. While petitioner maintains that the court must entertain essentially the same arguments yet once again in any form in which he wishes to present them, Rule 7(b) instead quite clearly establishes that he must seek relief from the court by motion rather than through any filing of his own choosing. The motion for relief from order therefore will be denied.

Although *pro se* pleadings are construed liberally, *pro se* litigants nonetheless must follow the Federal Rules of Civil Procedure, local rules, and court orders. *See,e.g. Ghazali v. Moran*, 46 F.3d 52 (9th Cir. 1995).

IT THEREFORE IS ORDERED that this action shall be DISMISSED without prejudice for failure to comply with the local rules and orders of the court. The clerk of court shall enter final judgment accordingly, dismissing this action without prejudice.

IT FURTHER IS ORDERED that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the clerk shall serve a copy of this order and the judgment by sending same by

---

[1] Petitioner's pauper applications in other recent actions currently reflect that petitioner has no funds of any substance in his inmate trust account. It does not appear that an order for monetary sanctions would secure compliance with the court's orders and move the case forward.

certified mail to the Office of the Attorney General, Criminal Division, 100 North Carson St., Carson City, NV 89701-4717.  No response is required from respondents.

DATED:  May 22, 2009.

_____
JAMES C. MAHAN
United States District Judge